UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY HUNTER,

        Petitioner,        Case No. 1:08-cv-658

v.        Honorable Gordon J. Quist

NICK LUDWICK,

        Respondent.
_____/

**ORDER OF TRANSFER**
**TO SIXTH CIRCUIT COURT OF APPEALS**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Mid-Michigan Correctional Facility. On January 6, 1999, petitioner pleaded guilty but mentally ill to four counts of possession with intent to deliver less than 50 grams of a controlled substance: Count I (mixture containing morphine sulfate); Count II (mixture containing oxycodone and aspirin); Count III (mixture containing oxycodone and acetaminophen); and Count IV (mixture containing Percodan). On February 1, 1999, Petitioner was sentenced to imprisonment of five to fifteen years on each of the four counts, with the sentences to run consecutively. In response to Petitioner's motion to vacate duplicative convictions and resentencing, the trial court vacated his convictions for Counts III and IV and granted the motion for resentencing as to Counts I and II. On June 9, 2000, the trial court resentenced Petitioner to consecutive prison terms of six to twenty-five years for each of the two remaining counts.

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals claiming that the second sentence, which was longer than the first, was vindictive since

there were no aggravating factors which justified the longer sentence on the remaining two convictions. The Michigan Court of Appeals denied Petitioner's application "for lack of merit on the grounds presented." *People v. Hunter*, No. 234800 (Mich. Ct. App. July 24, 2001). Petitioner raised the same issue in a delayed application for leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's application because it was not persuaded that the questions presented should be reviewed. *People v. Hunter*, No. 119909 (Mich. Apr. 9, 2002). Petitioner subsequently filed a petition for habeas corpus relief raising the same claim presented in the Michigan appellate courts. *See Hunter v. Berghuis*, 1:02-cv-399 (W.D. Mich.). On July 21, 2005, the Court issued an order dismissing the petition on the merits. In the instant habeas petition, Petitioner raises new claims concerning his 1999 criminal conviction.

Because Petitioner's previous habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), his current petition is subject to "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).[1] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173

---

[1] When the initial petition was filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress*, 484 F.3d at 852. That standard does not require authorization from the court of appeals. *Id.*

(6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

The instant petition is second because it alleges different grounds for relief than the previous petition that was dismissed by the Court on the merits. A prior dismissal on the merits has a preclusive effect for purposes of § 2244. *See Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore:

IT IS ORDERED that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.


  August 29, 2008                           /s/ Gordon J. Quist
Date                                       Gordon J. Quist
                                           United States District Judge